NO. 07-06-0170-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 13, 2006



______________________________


 

JUAN RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 17512-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND


 Juan Rodriguez appeals a judgment of conviction rendered by the 47th District Court
of Randall County. The clerk's record, which, after extension of the due date, was due no
later than July 10, 2006, has not been received. On June 12, 2006, this court was notified
by the district clerk that appellant had not paid or made arrangements to pay for the record.
By letter, appellant's counsel was directed to certify to the clerk of this court on or before
June 19, 2006, in writing, whether Rule 35.3(a)(2) of the Texas Rules of Appellate
Procedure had been complied with; if so, the date of compliance, and if not, a reasonable
explanation for non-compliance. No response to the court's letter has been received. We,
therefore, abate the appeal and remand the cause to the 47th District Court of Randall
County. The judge of said court is ordered to convene a hearing (after notice to appellant
and other parties in interest) to determine the following matters:


 Whether appellant desires to prosecute this appeal;



 if appellant desires to prosecute this appeal then whether appellant is
indigent;
 whether appellant is entitled to a clerk's record and reporter's record, without
charge to appellant;
 whether appellant is entitled to appointed counsel;
 if appellant has counsel, whether appellant has been denied the effective
assistance of counsel arising from the delay encountered in prosecuting this
appeal; and
 what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does
not desire to prosecute this appeal, or if appellant desires to prosecute this
appeal, to assure that the clerk's record will be promptly filed and that the
appeal will be diligently pursued. 


 

 If the court determines that appellant is indigent and has been denied the effective
assistance of counsel, we order it to appoint counsel for appellant.

 We next order the court to cause a supplemental clerk's record to be developed.
The supplemental clerk's record shall include 1) a transcription of the hearing convened
to answer the questions itemized above, 2) findings of fact and conclusions of law
answering the questions itemized above, 3) the name, state bar number, and address of
any counsel appointed to represent appellant, and 4) all orders made in accordance with
this opinion. We further order the court to cause the supplemental clerk's record to be filed
with the clerk of this court on or before August 14, 2006. Should additional time be needed
to comply with this order, the district court may request the same on or before August 14,
2006.


 Per Curiam




Do not publish.



1. Chief Justice Johnson did not participate in this opinion.